UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

JOHANNES RICK, ET AL                       CIVIL ACTION 08-2013

VERSUS                                     JUDGE DOHERTY

WOMEN'S AND CHILDREN'S                     MAGISTRATE JUDGE HANNA
HOSPITAL, ET AL

REPORT AND RECOMMENDATION ON
MOTIONS TO DISMISS FOR LACK OF JURISDICTION
(Rec. Docs. 12, 19, and 21)

Before the court are multiple motions to dismiss for lack of subject matter jurisdiction by defendants Dr. Jim G. Adams (rec. doc. 12), General Electric Company (rec. doc. 19),[1] and Women's and Children's Hospital (rec. doc. 21). The motions are opposed.

*Background and Argument*

This matter was filed as a medical malpractice and products liability action by Silke and Johannes Rick, parents of minor child Anna Rick, individually and on behalf of Anna Rick. According to the allegations of the complaint, Anna Rick was a triplet born prematurely on June 26, 2005, at Women's and Children's Hospital in Lafayette, Louisiana. Plaintiffs allege on or about July 18, 2005, Anna fell out of her incubator, manufactured by General Electric, and struck her head causing a subdural hematoma.

---

[1]The court was informed at a telephone status conference on April 12, 2010, that General Electric and plaintiffs had reached a settlement. However, there is no record of that agreement as of the date of this report. Therefore, the report is directed to the motion to dismiss filed by General Electric also.

Plaintiffs also allege Anna and her siblings were subjected to extended periods of dangerous temperatures in the incubator, which caused an elevated heart rate and aggravated Anna's heart condition. The plaintiffs seek damages that are generically described; however, it is clear that as to the parents individually, their claims are derivative to the claims of Anna.[2]

Subject matter jurisdiction was based on diversity of citizenship pursuant to 28 U.S.C. §1332. In the complaint plaintiffs allege as follows:

> Complainants, Anna Rick, Silke Rick and Johannes Rick are currently residents of Switzerland, but were, at the time of the incidents complained of, residents of Lafayette Parish, Louisiana.[3]

In their Rule 26(f) report, plaintiffs admit they are domiciliaries of Switzerland.[4] Finally, in supplemental discovery responses, plaintiffs admit Johannes and Silke Rick have never been United States citizens, but they, along with Anna, are German citizens who are domiciliaries of Switzerland.[5] Plaintiffs allege GE is a foreign corporation with its principal place of business in New York; Woman's and Children's Hospital is doing business in Lafayette Parish, Louisiana; and Drs. Adams and Marcantel[6] are residents of

---

[2] *Complaint* (rec. doc. 1), ¶ 49.

[3] *Complaint* (rec. doc. 1), ¶ 8.

[4] Rec. Doc. 9.

[5] Rec. Doc. 12-6.

[6] Dr. Marcantel was voluntarily dismissed from the litigation, but was a party at the time of filing of the complaint.

Lafayette Parish, Louisiana.[7]

In their motions, defendants argue plaintiffs' allegations of residency instead of citizenship are insufficient to support diversity jurisdiction. However, if amended to properly allege citizenship, defendants argue diversity jurisdiction is not available.

First, defendants argue when the complaint was filed before the Louisiana Patient's Compensation Fund (PCF) in 2005, all of the plaintiffs were domiciled in Louisiana. They contend that the filing of the complaint with the PCF was when the suit "commenced" under Louisiana law and that this court should apply that law to determine when the instant suit was commenced. If that position is accepted, the defendants argue Anna was a citizen of Louisiana and not diverse from defendants as required by 28 U.S.C. § 1332(a)(1). If the suit "commenced" when it was filed in this court in 2008, after the Ricks left the United States, defendants argue "there is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332."[8] Therefore, Anna, who is both a citizen of the United States by virtue of her birth in this country, and citizen of a foreign country by virtue of her citizenship and/or domicile with her parents, must be considered a citizen of the United States living abroad and may not invoke alienage jurisdiction under 28 U.S.C. § 1332(a)(2).

---

[7]*Complaint* (rec. doc. 1), pp. 2, 3.

[8]*Memorandum in Support of 12(b)(1) Motion to Dismiss Submitted on Behalf of Dr. Jim G. Adams and Dr. Kara Marcantel* (rec. doc. 12-1), p. 14.

In opposition to the motions to dismiss, plaintiffs argue the court has alienage jurisdiction based on Anna's "dominant nationality." Plaintiffs contend courts have recognized in certain circumstances foreign relations require recognition of a "dominant" nationality when confronted with individuals of dual citizenship.[9] The plaintiffs argue, without evidence, that Anna spent less than three years in the United States, left the United States in 2007, and has no intention of ever returning. Therefore, the plaintiffs contend the Court should recognize Anna as a citizen of a foreign state, and disregard her United States' citizenship.

Alternatively, plaintiffs argue the court has pendant jurisdiction over Anna's claims under United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), as the court has diversity jurisdiction under 28 U.S.C. §1332(a)(2) over the claims by her parents who are citizens of a foreign state. Plaintiffs cite Fahrner v. Gentzsch, 355 F. Supp. 349 (E.D.Pa. 1972), where the court held there was alienage jurisdiction over the claims by a minor's alien parents and sisters under §1332(a)(2), and there was pendant jurisdiction over the minor United States citizen's claims, as the minor's cause of action arose out of a common nucleus of operative fact. Plaintiffs argue the instant case is analogous to Fahrner.

---

[9]*Memorandum in Opposition to Defendants Rule 12(b)(1) Motion to Dismiss* (rec. doc. 26), p. 2, citing Sadat v. Mertes, 615 F.2d 1176 (7th Cir. 1980); Bournigal-Mena v. Perez Amador, 1995 WL 58036 (D.Puerto Rico 1995); Soghanalian v. Soghanalian, 693 F.Supp. 1091 (S.D.Fl. 1988).

*Applicable Law and Discussion*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject matter jurisdiction. Such a challenge may be made in two ways: a "facial" attack and a "factual" attack. Elixir Shipping, SA v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 267 F.Supp.2d 659, 661 (S.D.Tex.2003). A facial attack, which consists of a rule 12(b)(1) motion not accompanied by supporting evidence, challenges a court's jurisdiction based solely on the pleadings. Id. (citing Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir.1981)). When accompanied with supporting evidence, a rule 12(b)(1) motion challenging a court's jurisdiction is a factual attack. Id. (citing Paterson, 644 F.2d at 523). In this matter, defendants have submitted supporting evidence in the form of the plaintiffs' discovery responses among other things, and thus their motions are a factual attack on the subject matter jurisdiction of this court.

Jurisdiction is alleged solely under 28 U.S.C. §1332, which reads in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . .

With regard to the point at which diversity must exist, "as is the case in other areas

5

of federal jurisdiction, the diverse citizenship among adverse parties must be present at the time the complaint is filed" and is "unaffected by subsequent changes in the citizenship of the parties." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974). See also Grupo Dataflux v. Atlas Global Group L.P., 541 U.S. 567, 570-571 (2004). No party on one side may be a citizen of the same State as any party on the other side. Mas v. Perry, 489 F.2d at 1399, citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." Id. (internal citations omitted). Therefore, the plaintiffs bear the burden of proof to establish jurisdiction exists under 28 U.S.C.§1332.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States, *and* be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Mas v. Perry, 489 F.2d at 1399. (Emphasis in original). There are "two sources of [United States] citizenship, and two only - birth and naturalization." United States v. Wong Kim Ark, 169 U.S. 649, 702 (1898); Miller v. Albright, 523 U.S. 420, 423 (1998). "If born in the United States one becomes at once a citizen." Id., 423-24.

The record reflects that Johannes and Silke Rick have never been citizens of the United States and were not permanent resident aliens.[10] As such, they were not

---

[10] Rec. Doc. 12-6.

domiciliaries of any state as non-United States citizens may not have a state domicile. Fahrner v. Gentzsch, 355 F.Supp. 349, 353 (D.C.Pa. 1972), citing City of Minneapolis v. Reum, 56 F. 576 (8th Cir. 1893); Frick v. Lewis, 195 F. 693 (6th Cir. 1912). If they were the only plaintiffs in the lawsuit, the court would have subject matter jurisdiction under alienage jurisdiction pursuant to 28 U.S.C. §1332(a)(2), as the claims would be between citizens of a foreign state and citizens of a State. However, Johannes and Silke Rick are also suing in a representative capacity on behalf of their minor child, Anna Rick, who by virtue of her birth in the United States, is a United States citizen.

Under 28 U.S.C. §1332(c)(2), "the legal representative . . . of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." While the statute uses the word "State," and does not expressly include United States or foreign state citizenship, some courts have reasoned that "[t]he most obvious and sensible meaning of § 1332(c)(2) ... is that the representative of a decedent's estate is treated as having the citizenship of the decedent. Consequently, the representative of the estate of an alien is treated as an alien for purposes of diversity jurisdiction." See Geler v. National Westminster Bank USA, 763 F.Supp. 722, 726 (S.D.N.Y.1991); Kato v. County of Westchester, 927 F.Supp. 714 (S.D.N.Y. 1996). Therefore, Anna's citizenship is the determining factor as that citizenship is what her parents are deemed to have as her representatives under 28 U.S.C. §1332(c)(2).[11]

---

[11] In a recent unpublished opinion, the Northern District Court of Texas in Galaviz v. Bridgestone Corp., 2008 WL 4238696 (N.D.Tex. 2008), remanded a case for lack of subject matter jurisdiction where

According to the complaint and the evidence, at the time of filing Anna was a citizen of the United States and a foreign country. However, she was not a citizen of any particular state because as a minor, Anna is deemed domiciled with her parents, who are not United States citizens and who did not have a state domicile. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 109 S.Ct. 1597 (1989), citing Yarborough v. Yarborough, 290 U.S. 202, 211, 54 S.Ct. 181, 185, 78 L.Ed. 269 (1933). Therefore, as a United States citizen living abroad and domiciled in Switzerland, Anna is considered "stateless." Newman-Green, Inc., 490 U.S. 826, 828 (1989).

Even if Anna were somehow presumed to be domiciled in Louisiana by virtue of her birth there, see e.g. Gregg v. Louisiana Power & Light, 626 F.2d 1315 (5th Cir. 1980), there would be no diversity jurisdiction available under 28 U.S.C. §1332(a)(1) as the defendants are also Louisiana citizens. However, the evidence is consistent that her parents were German citizens domiciled in Switzerland at the time the complaint was filed.[12] There is no alienage jurisdiction available to Anna under 28 U.S.C. §1332(a)(2) because she is a United States citizen. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. at 828. Finally, since she was "stateless" at the time the complaint was filed, although a United States citizen, jurisdiction would not be available under §1332(a)(3). Id. In short,

---

the minor children injured in a car accident were natural born citizens of the United States, but were considered domiciled in Mexico with their parents. While not expressly holding same, the court implicitly considered the citizenship of the children as imputed to the parents suing on their behalf. See also Hernandez v. Lucas, 254 F.Supp. 901 (S.D.Tex.1966).

[12]Rec. Docs. 1, 9, 12-6.

Anna Rick's "'stateless' status destroyed complete diversity under §1332(a)(3), and [her] United States citizenship destroyed complete diversity under §1332(a)(2)." Id.

The fact that Anna may have had dual citizenship does not change the outcome. When a person enjoys dual citizenship, only his United States citizenship is considered. The Fifth Circuit explained as follows:

> [t]here is an emerging consensus among courts that, for a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. §1332. Consequently, diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504 (2nd Cir.) cert. denied, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992); Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707 (9th Cir.1992); Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980); Las Vistas Villas, S.A. v. Petersen, 778 F.Supp. 1202 (D.C.Fla.1991) ( affirmed by 13 F.3d 409 (11th Cir.1994)); Liakakos v. CIGNA Corp, 704 F.Supp. 583 (E.D.Pa.1988); See also Maple Island Farm, Inc. v. Bitterling, 196 F.2d 55 (8th Cir.1952) cert. denied, 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648 (1952). Accordingly, the dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens. Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980); Soghanalian v. Soghanalian, 693 F.Supp. 1091 (D.C.Fla.1988); Liakakos v. CIGNA Corp., supra. The latter conclusion is sound according to 1 Moore's Federal Practice § 0.74[4], because the major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is also intended to allow foreign subjects to avoid real or perceived bias in the state courts-a justification that should not be available to the dual citizen who is an American. See also 13B Wright-Miller-Cooper § 3621 (1984).

Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996).

The Seventh Circuit recently reexamined in Buchel-Ruegsegger v. Buchel, 576 F.3d 451 (7th Cir. 2009), its prior ruling in Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980),

which held only the United States citizenship of dual nationals is considered in the diversity analysis. [13]  In Buchel-Ruegsegger, the court discussed the "dominant nationality" exception to this rule, which was mentioned in Sadat, and which plaintiffs urge this court to consider. In Buchel-Ruegsegger the court emphasized the "dominant nationality" exception in Sadat was dicta, and that "no circuit court since Sadat has adopted or considered this test." Buchel-Ruegsegger, 576 F.3d 451, FN2 (7th Cir. 2009). The court also clarified the "exception would only apply if the dual citizen 'has taken all reasonably practicable steps to avoid or terminate his status as a national of the [United States].'" Id., citing Sadat, at 1187.

There is no evidence offered by the plaintiffs that Anna has attempted to "avoid or terminate" her status as a United States citizen, and the undersigned declines to analyze or apply, assuming such even exists, the "dominant nationality" exception to this matter as urged by plaintiffs. Therefore, Anna's German citizenship will be disregarded and only her United States citizenship recognized.

It may appear the purpose of diversity jurisdiction, which is to reduce prejudice to

---

[13] The court in Buchel-Ruegsegger v. Buchel, 576 F.3d 451, FN3 (7th Cir. 2009), cited the following cases: Frett-Smith v. Vanterpool, 511 F.3d 396, 400 (3d Cir.2008) (holding that "for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized"); Coury v. Prot, 85 F.3d 244, 250 (5th Cir.1996); Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir.1992); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir.1991); Oteng v. Golden Star Res., Ltd., 615 F.Supp.2d 1228, 1235 (D.Colo.2009); Ayenu v. Chevy Chase Bank, F.S.B., 496 F.Supp.2d 607, 610 (D.Md.2007); Falken Indus., Ltd. v. Johansen, 360 F.Supp.2d 208, 210 (D.Mass.2005); Las Vistas Villas, S.A. v. Petersen, 778 F.Supp. 1202, 1204 (M.D.Fla.1991), aff'd, 13 F.3d 409 (11th Cir.1994).

"foreign" parties, whether from another state or another country, may not appear to be served in this matter as plaintiffs are, with the exception of Anna Rick's having been born in the United States, "foreign." However, disregarding the plain language of 28 U.S.C. §1332(c)(2) and finding alienage jurisdiction would give Anna, through her parents, access to the federal courts Anna herself, as a United States citizen, does not have for her claims. As stated in Coury, 85 F.3d at 250:

> [T]he dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens. Sadat v. Mertes, 615 F.2d 1176 (7th Cir.1980); Soghanalian v. Soghanalian, 693 F.Supp. 1091 (D.C.Fla.1988); Liakakos v. CIGNA Corp., supra. [704 F.Supp. 583 (E.D.Pa.1988)]. The latter conclusion is sound according to 1 Moore's Federal Practice § 0.74[4], because the major purpose of alienage jurisdiction is to promote international relations by assuring other countries that litigation involving their nationals will be treated at the national level, and alienage jurisdiction is also intended to allow foreign subjects to avoid real or perceived bias in the state courts-a justification that should not be available to the dual citizen who is an American. See also 13B Wright-Miller-Cooper § 3621 (1984).

Any bias the Ricks may receive or perceive in the state courts is no different from any other United States citizen who lives abroad, by or against whom a diversity suit may not be maintained. Coury, 85 F.3d at 249, citing Smith v. Carter, 545 F.2d 909 (5th Cir.1977), cert. denied, 431 U.S. 955, 97 S.Ct. 2677, 53 L.Ed.2d 272 (1977).

Therefore, Anna, and consequently her parents as her representative, are treated as United States citizens living abroad for purposes of jurisdiction which means the plaintiffs cannot base jurisdiction on §1332(a)(1), (2), or (3).

Finally, plaintiffs' argument that the court has jurisdiction over Anna's claim

11

based on pendant jurisdiction to her parents' claim is without merit. The case cited by plaintiffs, Fahner v. Gentzsch, 355 F.Supp. 349 (E.D.Pa. 1972), permitted appending a claim by a non-diverse minor child to a claim by his alien father, whose claim was based on alienage subject matter jurisdiction. However, Fahner was decided before 28 U.S.C. §1367 clarified the concept of pendant party jurisdiction.

In 1990, 28 U.S.C. §1367 codified the jurisprudential doctrines of pendent and ancillary jurisdiction under the heading of supplemental jurisdiction. The statute now makes it clear when the original jurisdiction of the federal court is founded solely upon diversity jurisdiction, the district courts do not have supplemental jurisdiction where parties seek to be joined as plaintiffs under Rules 19 or 24, unless the court has an independent basis of subject matter jurisdiction over the supplemental claims. 28 U.S.C. §1367 reads in pertinent part as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental

jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Even if alienage jurisdiction existed for the individual claims by Silke and Johannes Rick, exercising supplemental jurisdiction over Anna's claims "would be inconsistent with the jurisdictional requirements of section 1332" because Silke and Johannes Rick's claims are derivative of Anna's and she is not diverse from the defendants under 28 U.S.C. §1332(a). See Feigler v. Tidex, Inc., 826 F.2d 1435, FN3 (5th Cir. 1987) ("We have joined the other circuits in refusing to permit the under of pendent-party jurisdiction where the federal claim is supported only by diversity of citizenship. Birmingham Fire Ins. Co. v. Winegardner and Hammons, Inc., 714 F.2d 548 (5th Cir. 1983).

### *Conclusion and Recommendation*

The undersigned finds the court does not have subject matter jurisdiction over this matter. Johannes and Silke Rick, as representatives of their minor child Anna Rick, are deemed under 28 U.S.C. §1332(c)(2) to have the same citizenship as their child. Anna Rick is a United States citizen who was a citizen of no state at the time the complaint was filed. There is no jurisdiction available under 28 U.S.C. §1332(a)(1). Nor is there alienage jurisdiction under 28 U.S.C. §1332(a)(2) or (3), as only Anna's United States citizenship is considered for purposes of same. For the reasons given above,

**IT IS THE RECOMMENDATION** of the undersigned that defendants' motions to dismiss (rec. docs. 12, 19 and 21) be **GRANTED** and this matter **DISMISSED**

without prejudice for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Lafayette, Louisiana, this 10th day of May, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)